

1  CUMMINS & WHITE, LLP
   Erick J. Becker, P.C., (CA Bar No. 137180)
2  E-mail: ebecker@cwlawyers.com
   Edward J. Farrell (CA Bar No. 261589)
3  E-mail: efarrell@cwlawyers.com
   2424 S.E. Bristol Street, Suite 300
4  Newport Beach, CA 92660-0764
   Telephone: (949) 852-1800
5  Facsimile: (949) 852-8510

6
   Attorneys for Defendant
7  EARTHSCAPES LANDSCAPE,
   INC., a California corporation
8

9              UNITED STATES DISTRICT COURT

10         FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12  REYNALDO INIESTRA, as an           )  CASE NO.:
    individual and on behalf of others  )
13  similarly situated,                 )  **DEFENDANT EARTHSCAPES**
                                        )  **LANDSCAPE, INC.'S NOTICE OF**
14             Plaintiff,               )  **REMOVAL OF ACTION UNDER**
                                        )  **28 U.S.C. § 1141(a)**
15        vs.                           )  **(FEDERAL QUESTION)**
                                        )
16  EARTHSCAPES LANDSCAPE, INC.,        )  (Orange County Superior Court, Case
    a California Corporation; and DOES 1- )  No. 30-2021-01238975-CU-OE-CXC)
17  50, inclusive,                      )
                                        )  Complaint Filed: December 30, 2021
18             Defendants.              )  Trial Date: None
                                        )
19                                      )
                                        )
20                                      )
                                        )
21  _____     )

22

23  **TO THE CLERK OF THE UNITED STATES DISCTRICT COURT FOR THE**

24  **CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF REYNALDO**

25  **INIESTRA, AND HIS ATTORNEYS OF RECORD:**

26        **PLEASE TAKE NOTICE** that Defendant EARTHSCAPES LANDSCAPE,

27  INC. hereby files this Notice of Removal pursuant to 28 U.S.C Section 1441(a) to

28  effectuate the removal of the above-entitled action from the Superior Court for the

-1-

County of Orange to the U.S. District Court for the Central District of California. Removal is proper for the following reasons:

1.    On December 30, 2021, Plaintiff filed a complaint on his own behalf and on behalf of other current and former employees in the Superior Court of the State of California for the County of Orange, entitled REYNALDO INIESTRA, as an individual and on behalf of others similarly situated, Plaintiff, vs. EARTHSCAPES LANDSCAPE, INC., a California corporation; and DOES 1-50, inclusive, Defendants, as Case No. 30-2021-01238975-CU-OE-CXC (hereinafter, "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2.    The first date upon which Defendant EARTHSCAPES LANDSCAPE, INC. received a copy of the said Complaint was May 20, 2022, when Defendant's agent for service of process was served by personal delivery with a copy of the said Complaint and a Summons from the said state court. A true and correct copy of the Summons is attached hereto as Exhibit "B".

3.    Attached to this notice of removal as Exhibit "C" are true and correct copies of all orders and pleadings served upon EARTHSCAPES LANDSCAPE, INC. by Plaintiff or filed in this case, other than the complaint and service documents contained in Exhibit "A" and "B," as required by 28 U.S.C. § 1446(a).

4.    This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint, by personal delivery, on May 20, 2022. Cal. Civ. Proc. Code § 415.10; 28 U.S.C. § 1446(b).

5.    Defendant has not secured the consent of the "DOE" defendants before removing this action because Defendant does not know the identity of the "DOE" defendants and has no reason to believe that any of them have been properly served or have voluntarily appeared in this action.

6.    This Court has jurisdiction of this action under 28 U.S.C. § 1331, and this action may be removed to this Court by Defendant pursuant to the provisions of

|W488.3|2320540.DOCX;1|

28 U.S.C. § 1441(a), in that Plaintiff's claims under the California Private Attorneys General Act of 2004 (Cal. Lab. Code § 2698, et seq.) (hereinafter "PAGA" claims) are preempted by Section 301 of the Labor Management Relations Act ("Section 301"), 29 U.S.C. § 185. Pursuant to Section 301, "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). A collective-bargaining agreement is such a contract, and Section 301 preempts all state law claims "founded directly on rights created by collective-bargaining agreements." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). More importantly, state law claims which require interpretation of collective bargaining agreements are preempted by the LMRA. *See, e.g., Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1066-67 (9th Cir. 2000); *Levy v. Skywalker Sound*, 108 Cal.App.4th 753, 768-69 (2003). Thus, any state claims where a defendant alleges LMRA preemption as a defense may be subject to complete preemption and be removed if the court must interpret the parties' collective bargaining agreement. *Newberry v. Pacific Racing Asso.*, 854 F.2d 1142, 1146 (9th Cir. 1988).

7. Here, Plaintiff is a member of the Laborers International Union of North America ("Union"), as are members of the purported aggrieved employees he seeks to represent. The employment of Plaintiff and other employees was governed by a collective bargaining agreement (the "CBA") between Defendant and the Union.

8. The Complaint asserts one cause of action for the violation of PAGA for Defendant's alleged failure to adhere to specific requirements under the Cal. Labor Code including: (1) Labor Code § 210 for Defendant's unlawful receipt of wages from Plaintiff and other aggrieved employees; (2) Labor Code § 221 for Defendant's failure to provide Plaintiff and other aggrieved employees with all required meal periods, and Defendant's failure to provide Plaintiff and other aggrieved employees

with minimum and overtime wages; (3) Labor Code § 510, 1194 and Wage Order 5 for Defendant's failure to provide Plaintiff and other aggrieved employees with minimum wages; (4) Labor Code § 510, 1194, and Wage Order 5 for Defendant's failure to provide Plaintiff and other aggrieved employees with overtime wages; (5) Labor Code § 226.7, 512, 1198 and Wage Order 5 for Defendant's failure to provide Plaintiff and other aggrieved employees with all required meal periods or with one hour of pay at the regular rate of compensation for each meal period that was not provided; (6) Labor Code § 226.7, 512, 1198, and Wage Order 5 for Defendant's failure to provide Plaintiff and other aggrieved employees with all required rest breaks or with one hour of pay at the regular rate of compensation for each rest period that was not provided; (7) Labor Code § 226, 226.3, 1198, and Wage Order 5 for failure to maintain records and provide accurate itemized wage statements to Plaintiff and other aggrieved employees; (8) Labor Code § 201, 202, and 203 for Defendant's failure to pay all wages upon termination, resignation, or end of employment as a result of failure to pay minimum wages and overtime wages for all hours worked; (9) Labor Code § 432 and 1198.5.

9.     The CBA, Article XV, details the meal and rest period policies governing employees working under the agreement, including Plaintiff and the other putative aggrieved employees.  The meal period provisions differ significantly from the applicable wage order (Wage Order 16) and Labor Code provisions, and the CBA specifically provides that any dispute arising under the rest break provisions of Wage Order 16 are subject to the grievance and arbitration provisions of the CBA.

10.     The CBA, Article XVIII, details the wage rates for each classification and overtime policies governing employees working under the agreement, including Plaintiff and other aggrieved employees.

11.     As such, Plaintiff's state law claims are dependent upon the interpretation of the CBA and preempted by Section 301. *Firestone*, 219 F.3d at 1066-67 (holding that plaintiffs' class action for unpaid overtime pursuant to the

California Labor Code was preempted because resolution of the overtime claim required an interpretation of the collective bargaining agreement). This Court has already found and ruled on September 24, 2021, in the related case, *Reynaldo Iniestra v. Earthscapes Landscape, Inc.*, Case No. 8:21-cv-01180-DOC-ADS, that Plaintiff's Labor Code violation claims are preempted by Section 301 and therefore dismissed without prejudice.

12.     The Court has jurisdiction over Plaintiff's PAGA claims because they are predicated on underlying Cal. Labor Code violations which are clearly preempted by Section 301, as already ruled upon by this Court. *See Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 748 (S.D. Cal. 2021); *Linebarger v. Graphic Packaging Int'l, LLC*, No. SACV-20-00309-JVS-JDEx, 2020 WL 1934958, at *5 (C.D. Cal. Apr. 22, 2020). As the Court would have jurisdiction over at least one of the claims underlying Plaintiff's PAGA claim, then it is permissible for the entirely of Plaintiff's PAGA claim to remain before this Court. *Sachs v. Pankow Operating, Inc.*, No. 2:21-cv-08998-AB (ADSx), 2022 WL 489696, at *4 (C.D. Cal. Feb. 16, 2022).

13.     WHEREFORE, Defendant prays that this action be removed from the Superior Court of the State of California for the County of Orange to the U.S. District Court for the Central District of California.

Respectfully submitted,

Dated: June 15, 2022             CUMMINS & WHITE, LLP


By: */s/ Erick J. Becker*
      Erick J. Becker, P.C.
      Edward J. Farrell
      Attorneys for Defendant
      EARTHSCAPES LANDSCAPRE, INC.

# EXHIBIT "A"

30-2021-01238975-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

Case 8:22-cv-01170-SPG-KES Document 1 Filed 06/13/22 Page 7 of 23 Page ID #:7

1  Armond M. Jackson, SBN 281547
   **Jackson APC**
2  2 Venture Plaza, Ste. 240
   Irvine, CA 92618
3  Phone (949) 281-6857
   Fax (949) 777-6218
4
   Attorneys for Plaintiff Reynaldo Iniestra
5
6              **SUPERIOR COURT OF STATE OF CALIFORNIA**
                    **FOR THE COUNTY OF ORANGE**
7
8  REYNALDO INIESTRA, as an individual and )   Case No.:  30-2021-01238975-CU-OE-CXC
   on behalf of others similarly situated,    )
9                                             )
                                              )   Assigned for all purposes to:
10            Plaintiff,                       )                    Judge Randall J. Sherman
                                              )   **COMPLAINT FOR:**
11      vs.                                    )
                                              )   1. **VIOLATION OF THE**          CX-105
12                                            )      **CALIFORNIA LABOR CODE**
   EARTHSCAPES LANDSCAPE, INC., a            )      **PRIVATE ATTORNEYS**
13 California Corporation; and DOES 1-50,     )      **GENERAL ACT OF 2004 (CAL.**
   inclusive,                                 )      **LAB. CODE §§ 2698, ET. SEQ.)**
14                                            )
              Defendant.                      )
15                                            )   **[JURY DEMAND]**
                                              )
16                                            )
                                              )
17                                            )
                                              )
18                                            )
                                              )
19                                            )
                                              )
20 _____ )
                                              )
21
22
23
24
25
26
27
28

                              **COMPLAINT—1**

Plaintiff Reynaldo Iniestra ("Plaintiff" or "Mr. Iniestra") makes the following allegations against Defendant Earthscapes Landscape, Inc. (collectively referred to throughout herein as "Defendants"):

## GENERAL ALLEGATIONS

**Parties and Venue.**

1.      Plaintiff is, and at all relevant times was, a citizen and resident in the County of Orange in the State of California.

2.      Plaintiff is informed and believes and on that basis alleges that at all relevant times Defendant Earthscapes Landscape, Inc. (hereinafter referred to as "ELI") is a California corporation doing business in the State of California with a principal place of business located at 1420 S. Allec Street, Anaheim, California 92805.

3.      In light of the facts that the wrongful acts of this defendants occurred and the causes against them arose in Orange County, State of California, jurisdiction and venue is proper in Orange County Superior Court.

**Doe Allegations**.

4.      Plaintiff does not presently know the true names and capacities of defendants named as Doe 1 through Doe 50, inclusive. Plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants, when they are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitious defendants have participated in the acts alleged in this complaint to have been done by the named defendants.

**Vicarious Liability.**

5.      Unless otherwise indicated, each defendant herein sued is the agent, co-conspirator, joint venturer, partner, and/or employee of every other defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, partnership, and/or employment, with the knowledge and/or consent of co-defendants, and each of them. Plaintiff is informed and believes and thereon alleges that each defendant has authorized and/or ratified the wrongful activities of each of the remaining defendants.

## COMMON ALLEGATIONS TO ALL CAUSES OF ACTION

6.      Plaintiff worked for Defendants as a nonexempt employee associated with landscaping services for Defendant.

7.      During Plaintiff's employment at Defendants, Plaintiff would be subjected to a high volume of work assignments.

**Defendants Did Not Provide All Meal Breaks and Rest Breaks**

8.      Typically, Plaintiff would work above 6-hour work shifts at Defendants. During these work shifts, Plaintiff would be required to do many work duty tasks revolving around performing yard services for Defendant's clients. During these shifts it would be very busy where they would not be authorized or permitted to take all of their legally compliant entitled uninterrupted 10-minute rest breaks each four hours or majority fraction thereof or a 30 minute uninterrupted meal break every five hours at a reasonably practicable time during their shifts when they worked more than a six, ten and twelve hour shifts. Moreover, Defendants had a policy, pattern or practice of requiring or pressuring its employees to take late, short, on-premises, on-call, interrupted, combined meal breaks and rest breaks, or no 10-minute rest breaks and/or 30-minute meal breaks at a reasonably practicable time.  Defendants would not compensate Plaintiff for all of their missed, short, combined meal and rest breaks, late, on-premises or interrupted meal breaks or rest periods throughout their employment nor were they paid all of premium wages for the missed, short, combined meal breaks and rest breaks, late, on-call, on-premises or interrupted meal breaks and rest periods that should have been paid.

9.      Plaintiff is informed and on that basis believes that all other similarly situated employees of Defendants were under the same circumstances and conditions of employment as them. Specifically, all other similarly situated employees were not authorized or permitted to take all of their legally compliant entitled uninterrupted 10-minute rest breaks each four hours or a 30-minute uninterrupted meal break every five hours at a reasonably practicable time during their shifts when they worked more than a six hour shifts. Moreover, Defendants had a policy, pattern or practice of requiring or pressuring its employees to take late, short, on-premises, on-call, interrupted or no 10-minute rest breaks or 30-minute meal breaks at a reasonably practicable

1  time.  Defendants would not compensate the other employees for all of their missed, on-

2  premises, short, combined meal breaks and rest breaks, late or interrupted meal breaks or rest

3  periods throughout their employment nor were they paid all of its premium wages for the missed,

4  short, on-premises, combined meal breaks and rest breaks, on-call, late or interrupted meal

5  breaks and rest periods that should have been paid.  Defendants would not compensate the other

6  employees for all of their missed, short, on-premises, on-call, combined meal breaks and rest

7  breaks, late or interrupted meal breaks or rest periods throughout their employment nor were

8  they paid all of their premium wages for the missed, on-premises, short, combined meal breaks

9  or rest breaks, late or interrupted meal breaks and rest periods that should have been paid.

10  **Defendants Provided Inaccurate Wage Statements**

11  10.    Furthermore, throughout Plaintiff's employment, her paystubs did not accurately reflect

12  her applicable total hours worked, full name and address of the legal entity employer, net wages

13  earned, gross wages earned and actual applicable wage rate all in violation of California Labor

14  Code Section 226(a), specifically sections 1-2, 4-5, 8 and 9. Due to the fact that Defendants

15  excluded the hours' worth of work that should have been reflected on the paystubs for the correct

16  gross wages, net wages, applicable hourly rate with corresponding number of hours worked and

17  failed to include the full name and address of the legal entity employer. Therefore, the paystubs

18  did not accurately reflect the net wages earned, gross wages earned, accurately depict deductions

19  that should have been taken out and actual applicable wage rate corresponding with the total

20  hours worked.

21  11.    Plaintiff is informed and on that basis believes that all other similarly situated employees

22  of Defendants were under the same circumstances and conditions of employment as him.

23  Specifically all other similarly situated employees were not provided with accurate itemized

24  wages statements and received paystubs that did not reflect their applicable total hours worked,

25  gross wages earned, full name and address of the employer, net wages earned, and actual

26  applicable wage rates including the correct minimum wage and overtime rates corresponding

27  with the total hours worked.

28  **Defendants Required Class Members to do Off-the-Clock Work**

**COMPLAINT—4**

12.     Plaintiff, Class Members and Subclass Members were not permitted to clock-in or clock-out and instead required to sign a document presented by their supervisor at the end of their shift related to their working hours whether or not the hours were an accurate reflection of work time the Plaintiff, Class Members and Subclass Members actually worked. This work time would not be accounted for and not paid for this term. Plaintiff, Class Members and Subclass Members were not compensated for this time in violation of California Labor Code sections 510 and 1194 and the applicable California Industrial Welfare Commission wage order(s). This compensation does not get paid out at the time of termination.

**Defendants Failed to Pay Wages Upon Termination to Aggrieved Employees**

13.     During Plaintiff's employment, Defendants had a policy where it did not pay minimum wages and overtime wages that should have been paid. These monies were supposed to be paid out to Plaintiff and the other employees at the time the wages were earned or upon termination.

**FIRST CAUSE OF ACTION**
**(For Violation of the Labor Code Private Attorneys General Act)**
**(Labor Code §§ 2698, et seq. By Plaintiff Against All Defendants and DOES 1-50)**

14.     Plaintiffs hereby incorporates all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

15. Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

16. For all provisions of the Labor Code except those for which a civil penalty is specifically provided, Labor Code § 2699(f) imposes upon Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendants violated these provisions of the Labor Code.

**COMPLAINT—5**

17. Defendants' conduct violates numerous Labor Code sections including, but not limited to the following:

(a) Violation of Labor Code § 210 for Defendants unlawful receipt of wages from Plaintiff's and other aggrieved employees, as herein alleged;

(b) Violation of Labor Code § 221 for Defendants failure to provide Plaintiff's and other aggrieved employees all required meal periods, and Defendants' failure to provide Plaintiff and other aggrieved employees with minimum and overtime wages, as herein alleged;

(c) Violation of Labor Code §§ 510, 1194 and Wage Order 5 Section 3 for Defendants' failure to provide Plaintiff and other aggrieved employees with minimum wages, as herein alleged;

(d) Violation of Labor Code §§ 510, 1194 and Wage Orders 5 Section 3 for Defendant's failure to provide Plaintiff and other aggrieved employees with overtime wages, as herein alleged;

(e) Violation of Labor Code §§ 226.7, 512, 1198 and Wage Order 5 Section 11 for Defendant's failure to provide Plaintiffs and other aggrieved employees all required meal periods, and Defendants' failure to provide Plaintiff and other aggrieved employees with one hour of pay of Plaintiffs and other aggrieved employees' regular rate of compensation for each meal period that was not provided, as herein alleged;

(f) Violation of Labor Code §§ 226.7, 512, 1198 and Wage Order 5 Section 12 for Defendant's failure to provide Plaintiffs and other aggrieved employees all required rest periods, and Defendants' failure to provide Plaintiffs and other aggrieved employees with one hour of pay of Plaintiffs and other aggrieved employees' regular rate of compensation for each rest period that was not provided, as herein alleged; and

(g) Violation of Labor Code §§ 226, 226.3, 1198 and Wage Order 5 Section 7 for failure to maintain records and provide accurate itemized wage statements to Plaintiffs and other aggrieved employees as herein alleged;

(h) Violation of Labor Code §§ 201, 202, and 203 for failure to pay all wages upon termination, resignation or end of employment as a result of failing to pay minimum wages and overtime wages for all hours worked.

(i) Violation of Labor Code §§ 432 and 1198.5.

18. Further, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages, (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) provides "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

19. Plaintiffs are "aggrieved employee" because they were employed by the alleged violator and had or ore more of the alleged violations committed against her, and therefore is properly suited to represent the interests of all other aggrieved employees.

20. On June 2, 2021, Plaintiff sent Defendants by certified mail notice of the facts and theories of its Labor Code violations. Plaintiff submitted this notice to the Labor Workforce Development Agency via online along with a payment of $75.00. Plaintiff's statute of limitations to file a Private Attorney General Act claim was tolled pending the 65 calendar day exhaustion period. (See Cal. Lab. Code § 2699.3(d). Plaintiffs have therefore exhausted the procedural requirements under Labor Code § 2699.3 as to Defendants and is therefore able to pursue a claim for penalties on behalf of herself and all other aggrieved employees under PAGA.

21. Labor Code §§ 2698, et seq. imposes upon Defendants, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendants violated the Labor Code.

**COMPLAINT—7**

22. Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff on behalf of all other aggrieved employees is entitled to recover civil penalties against Defendants for violations of the Labor Code sections cited above.

23. The California Supreme Court has held that a representative action does not need to meet the class certification requirements because it is strictly a state enforcement action. *Arias v. Superior Court*, 46 Cal.4th 969, 970-75 (2009).

24. Defendant's conduct as alleged herein, has been sand continues to be unfair, unlawful and harmful to Plaintiff and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays individually and on behalf of the proposed Class and Subclass, prays for judgment against Defendants as follows:

**First Cause of Action:**

1. For civil penalties against Defendants on behalf of all aggrieved employees pursuant to Labor Code §§ 2698, et seq.;

2. For reasonable attorney's fees and costs of suit to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5 and Labor Code §§ 2698, et seq.; and

3. For such relief as the Court deems just and proper

Dated: December 30, 2021                         **Jackson APC**

                                        By:/s/ Armond M. Jackson
                                        Armond M. Jackson
                                        Attorneys for Reynaldo Iniestra

## DEMAND FOR JURY TRIAL

Plaintiff Reynaldo Iniestra demands a jury trial in the above captioned matter.

**COMPLAINT—8**

Dated: December 30, 2021                              **Jackson APC**

                                    By:/s/ Armond M. Jackson
                                        Armond M. Jackson
                                        Attorneys for Plaintiff Reynaldo Iniestra

**COMPLAINT—9**

# EXHIBIT "B"

Case 8:22-cv-01170-SPG-KES Document 1-1, Filed 06/15/22 Page 17 of 23 Page ID #:17

30-2021-01238975-CU-OE-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EARTHSCAPES LANDSCAPE, INC., a California Corporation; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REYNALDO INIESTRA, as an individual and on behalf of others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
County of Orange- Civil Complex Center, 751 W, Santa Ana Blvd.,
Santa Ana, CA 92701

CASE NUMBER:
*(Nº)* 30-2021-01238975-CU-OE-CXC

Judge Randall J. Sherman

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jackson APC, 2 Venture Plaza, Ste. 240, Irvine, CA 92618, Tel: 949-281-6857, Fax: 949-777-6218, Armond M. Jackson

| DATE: 12/30/2021 (Fecha) | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretario)* ___ Georgina Ramirez | , Deputy (Adjunto) |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* EARTHSCAPES LANDSCAPE, INC., a California Corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5-20-22

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

# EXHIBIT "C"

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Armond M. Jackson, SBN: 281547<br>Jackson APC<br>2 Venture Plaza, Ste. 240, Irvine, CA 92618 | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.: 949-281-6857   FAX NO. *(Optional):* 949-777-6218<br>ATTORNEY FOR *(Name):* Plaintiff Reynaldo Iniestra | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 W. Santa Ana Blvd.,
MAILING ADDRESS: 751 W. Santa Ana Blvd., Santa Ana, CA 92701
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Iniestra v. Earthscapes Landscape, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2021-01238975-CU-OE-CXC |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Randall J. Sherman<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

CX-105

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 1
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 30, 2021

Armond M. Jackson
_____
(TYPE OR PRINT NAME)

▶ *Armond M Jackson*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET          CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Iniestra vs. Earthscapes Landscape, Inc.

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER: **30-2021-01238975-CU-OE-CXC** |
|---|---|

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 02/18/22, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on February 18, 2022, at 3:49:21 PM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

JACKSON APC
AJACKSON@JACKSONAPC.COM

Clerk of the Court, by: _____ , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

### MINUTE ORDER

DATE: 02/18/2022                TIME: 03:29:00 PM        DEPT: CX105

JUDICIAL OFFICER PRESIDING: Randall J. Sherman
CLERK: Jason Phu
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2021-01238975-CU-OE-CXC**  CASE INIT.DATE: 12/30/2021
CASE TITLE: **Iniestra vs. Earthscapes Landscape, Inc.**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

---

EVENT ID/DOCUMENT ID: 73704040
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400: Case is Complex.

Each party who has not paid the Complex fee of $ 1,000.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

**The Initial Case Management Conference is scheduled for 05/27/2022 at 09:00 AM in Department CX105.**

Plaintiff shall, at least five court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a Case Management Statement that covers the applicable subjects set forth in CRC Rule 3.727. The parties are encouraged to meet and confer and file a Joint Case Management Statement. Counsel should begin the Case Management Statement with a brief, objective summary of the case, its procedural status, the contentions of the parties, and any special considerations of which the Court should be aware. Do NOT use Judicial Council Form CM-110, the Case Management Statement form used for non-complex cases.

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352.  Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to plaintiff and plaintiff to give notice to all other parties.

---

## CERTIFICATE OF SERVICE

*REYNALDO INIESTRA v. EARTHSCAPES LANDSCAPE, INC.*

United States District Court, Central District of California, Southern Division

Case No.:

I, the undersigned, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2424 S.E. Bristol Street, Suite 300, Newport Beach, CA 92660-0764.

On June 15, 2022, I served the following document(s) **DEFENDANT EARTHSCAPES LANDSCAPE, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1141(A) (FEDERAL QUESTION)** on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

Armond M. Jackson, Esq.
Jackson APC
2 Venture Plaza, Suite 240
Irvine, CA 92618
Tel: (949) 281-6857
Fax: (949) 777-6218
ajackson@jacksonapc.com
*Attorney for Plaintiff REYNALDO INIESTRA*

☑ **By Mail:** I am readily familiar with Cummins & White, LLP's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business at Newport Beach, California

Executed on June 15, 2022, at Newport Beach, California.

☑ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

*/s/ Robin J. Warren*
Robin J. Warren

CERTIFICATE OF SERVICE